KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—October, 1882.

FREEMAN v. MOHRMAN.

*In the matter of the judicial settlement of the account of the testamentary guardians of* GEORGE H. FREEMAN.

Petitioner, one of six infant wards, having become of age in 1879, and called the testamentary guardians to account, they filed an account of their proceedings as guardians of all the children, from the commencement of their trust to February, 1882, showing a balance in their hands of about $500; the balance, in 1879, when petitioner attained majority, being over $6,000. Petitioner filed no objections to the account.—

*Held,* that the account was incorrectly stated; that it should have been made up by charging the guardians with petitioner's share of the common property, and crediting them with his share of the common disbursements, together with such disbursements as were made for his exclusive benefit; that, petitioner not having appeared by attorney, or objected to the account, a decree should not be made until the production of his consent, duly acknowledged, to receive one sixth of the balance of the account as rendered.

THIS was a petition by George Freeman to procure a

judicial settlement of the account of Henry A. Mohrman and Claus Freeman, as his testamentary guardians. The facts appear sufficiently in the opinion.

J. STEWART ROSS, *for the guardians.*

ADOLPH VARRIEN, *special guardian for infants.*

THE SURROGATE.—George Freeman, a son of Abner Freeman, having become of age, calls his testamentary guardians to a judicial settlement of their account.

In answer to his application, they file an account of their proceedings as guardians for all the six children of Abner Freeman, deceased, including George, from the commencement of their guardianship down to February 1st, 1882, showing a balance amounting to $582.44, subject to the payment of their commissions and the expenses of this accounting.

From the manner in which the account is made up, it is impossible to tell what should be the share of each ward in the balance, for it is evident that they are not all equally interested in the disbursements credited to the guardians. The account should have been made up by charging the guardians with George's share of the property in which all the wards were interested, and crediting them with his share of the payments made on behalf of all the wards, together with such payments as were made for his exclusive benefit. Still, if it is clear that the amount due to George is not less than one sixth of the balance shown by the account, and he, being of age, is willing, with full knowledge of his rights, to accept that sum as the amount due to him, there would be no objection to entering a decree settling the account as to him, and ordering that he be paid his sixth of said balance.

But it would seem, from the account, that, so far as George is concerned, the balance should have been struck in 1879, when he became of age. At that time, the balance in the hands of the testamentary guardians was $6,076.26, instead of $582.44, and George's sixth interest would have been $1,012.71, instead of $97.07. Since that time, the testamentary guardians have disbursed $5,494.47, none of which expenditure presumably was for George's benefit, as he had become of age and was no longer under the care and control of his guardians. It is true that he has filed no objections to the account; but he may have been misled by the manner in which the account was made up; for the expenditure in question was properly chargeable to some of the other children, and he may not have detected, as he no doubt would have done if the account had related to himself exclusively, that it contained many credits for items of expenditure which had not been made for his benefit. Moreover, where it appears, on the face of the account itself, that it is erroneous, the courts should not settle it as rendered without satisfactory evidence that the party affected by the error intentionally waives it. In this case, the petitioner, calling his testamentary guardians to account, does not appear by attorney to protect his rights; at least, there is no appearance by attorney filed, and it is very doubtful if he understands that the settlement which his former guardians ask for will have the effect of charging him with about $900, which were not expended for his benefit; and such a decree will not be made until the consent of the said George Freeman is produced and filed, properly acknowledged, showing that he is willing to accept the one sixth of the balance of the account rendered by his testa-

mentary guardians, with full knowledge of his rights in the premises.